## CLEVELAND RAILWAY CO. v DUFFY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No 10055. Decided June 3, 1929

Squire, Sanders & Dempsey, Cleveland, for Ry. Co.

Krieg, Sammon & Stendel, Cleveland, for Duffy.

**VICKERY, PJ.**

This Court has had the question of unusual jolt of a street car in a number of cases and we think our holdings have been consistent. We recognize, however, the fact that a street car cannot come to a standstill from a moving position without more or less of a jar, nor can it start from a standing position to proceed forward without causing more or less of a jar or jolt, and it does not make it actionable because it is characterized as a "violent and unusual jerk", without any other testimony than that; and when one analyzes the statement of the plaintiff,—for she had no corroborative witnesses,—it simply amounted to the fact that after she got on the car and was going up the steps, the car started forward and, as she says, "with a jerk such as she had never known before", and she fell on her face.

Now it does not take much of a jolt in the starting of a car to throw a person who is about to step upward into the car when holding on to nothing, and so the evidence of this unusual jerk is the uncorroborated testimony of the plaintiff without the showing of any other circumstances in connection with it. This court has held that a street car does not have to wait after a passenger has safely gotten on to a car and the door is closed, until the passenger is seated, before it can proceed forward without being liable, for the starting of a street car cannot be accomplished without more or less jolting, and a party falling down under such circumstances would not be entitled to recover if this were all that could be proven.

In the cases where an action based upon "a violent and unusual jerk" has been sustained, there has been corroborative evidence by showing the prostration of other passengers, or the jerking of them out of their seats, to corroborate the statement; but the mere expression by the party who is injured, surely cannot make a liability; for if it did, if a person fell down in the car, all he would have to do would be to sue the Cleveland Railway Company making allegation and then testifying that it was an unusual and violent jerk, and the Company would be put upon its defense and a verdict might even be obtained against it.

We think that in this case, at the close of the plaintiff's testimony, there being no other testimony except her own statements, the motion should have been granted and a judgment been entered for the defendant company; and after that was overruled, it was again made at the close of the testimony and we think again it should have been granted, because nothing was added to strengthen the plaintiff's case.

Perhaps the plaintiff may be able to procure more testimony if it is tried again and, therefore, instead of entering up a final judgment, the case will be remanded to the trial court for a new trial.

Sullivan and Levine, JJ, concur.